Thomas Dickens, J.
Motion by the United States of America for distribution of an escrow account in this original action to foreclose mechanics ’ liens under a public improvement contract. The Grovernment asserts distribution priority as to its claims for withholding and F. I. C. A. taxes. The Industrial Commissioner of the State of New York, claiming a similar priority for uncollected unemployment insurance taxes, joins in the application. Both of said parties agree that their respective claims stand on an equal basis. Nor does the late entry of the Commissioner into this litigation — of which he had no previous notice since he was not joined as a party defendant — bar his present claim.
Both plaintiff and defendant Merchants Bank of New York cross-move individually to secure the entire $3,000 escrow fund as assignee of the liens of bonded materialmen and as assignee of the contract proceeds for advances made to the contractor, respectively. Nevertheless, it is clear that both governmental authorities, in asserting trust claims pursuant to article 3-A of the Lien Law, and not mere tax liens, are entitled to priority thereon (see Lien Law, § 70, subd. 1; § 71, subds. 2, 4; § 77, subd. 8). Nor may rights gained by virtue of article 3-A of the Lien Law be subverted by article 2 liens where only a foreclosure action has been instituted and where such liens have neither been fully foreclosed nor reduced to judgment with an execution issued. Section 79 of the Lien Law provides that the trust claim remedy is not exclusive, but it does not, as cross movants assert, mandate that such remedy is subordinate to article 2 liens. Any contrary interpretations would frustrate the clear legislative intent of the various enactments aforesaid and would permit materialmen effectively and practically to bar all preferred tax trust claims merely by the institution of a *591 foreclosure action, since governments cannot file mechanics’ liens under article 2.
For the reasons stated, the application of the United States of America is granted and the escrow holder is directed to dis-: tribute the fund on a prorata basis to the United States Government and to the Industrial Commissioner, as trust beneficiaries, pursuant to article 3-A of the Lien Law. (In this regard it is noted that the fund should cover the claims of both governmental agencies.) Any balance remaining is then to be distributed on a prorata basis to the cross movants. Accordingly, the cross motions are, in all respects, denied.